Our final case of the day is Blackmon versus the Secretary of the Department of Corrections. Looks like we're still waiting for our counsel. May it please the court. I'm Richard summa, I represent the appellant Gregory Blackman. In this appeal, we argue that Mr. Blackman received ineffective assistance from his state appellate counsel who overlooked the trial courts failure to advise Blackman of the dangers of joint representation and fail to obtain a valid waiver of the right of conflict free counsel. This error was contrary to the well established law of the Supreme Court in the Holloway decision, or in the alternative, the Kyler v Sullivan decision. In this case, as in Holloway, the trial court was on notice of conflict of interest to represent I'm concerned about no showing of prejudice in this case. Nobody talks about prejudice. Strictly prejudice. What is the prejudice. What's the evidence of the prejudice. Okay, Your Honor. Thank you. As in, as in the Holloway case. This is, this is not structural error. You follow me. I understand. We've got to show ineffective assistance and performance, and also prejudice, and I'm having a hard time with the prejudice. Yes, I can address that, Your Honor. Thank you. As in, in the Holloway case, the court instructed us that the dangers of joint representation include what the attorney may forego doing. And those dangers include the possibility of plea negotiations, the possibility of one client testifying for the prosecution in exchange for a lesser charge or favorable sentencing. Now, in this case, those considerations are paramount, because Mr. Blackman enjoyed the let's say the dubious status of a prison releasee reoffender under Florida law. Now that means that if convicted of robbery, he would face a mandatory sentence of life in prison without the possibility of parole. And I think you can imagine, Your Honor, that a person in that position. Is, has an extremely high incentive or motive to try to negotiate for like a lesser charge to get away from that minimum mandatory sentence of life in prison. Now on the facts of this. What you're doing is making the structural error argument. A lot of unknowns, we don't know what could have happened if they had a plea agreement or negotiations or this that and the other thing. And there's no evidence of any of that. This is not a structural error case we're on collateral. If this case had been on direct appeal and you're making this argument on direct appeal. You have a different argument altogether. Well, Your Honor, I think I respectfully disagree because if if this case does does fall under the Holloway decision. The Supreme Court says that mean that's an error that in which reversal is automatic and that sounds like a layer of cases on track to feel. This is a collateral attack on restricted. So the burden is to show ineffective assist performance by the, by the lawyer. And, and trial. And then, and then prejudice, how it would be outcome would have been different. And they had the same evidence in both of these cases both these defendants, my understanding. Yes. And I think it did affect the attorneys performance because if he had loyalty to just Mr. Blackman counsel counsel. You, you talk about his attorney, as though it could be the trial attorney or appellate attorney. The only COA we granted on the Holloway type issue is as to the appellate counts. And there was no objection. So you don't have a valid claim. Unless you can point to actual adverse effect on the trial counts. And there's nothing in the record that the appellate counsel had nothing that shows an actual adverse effect on the trial counsel is. Well, to begin with, I respectfully agree with the assertion that there was no objection. You may disagree. Yes, Your Honor. I respectfully disagree with the assertion that there was no objection because this is a case where the, the, the objection voiced by the two defendants was to being tried in a consolidated trial. Because of the evidence that might come in against each other that wouldn't otherwise come in. That was the only dissatisfaction they had. Neither one of them ever said, I object to being represented by the same attorney who represents my co defendant, because I want somebody loyal only to me, or anything approximating there. The only objection voiced. And this was by the one or both of the co defendants was, I don't want to be tried jointly evidence will come in that wouldn't otherwise come in in the district courts response to that is no. Mr Blackman you're being tried as a principal, it'll all come in. So there was no objection to conflict of interest joint representation was there. Yes, there was Your Honor, and I would point out that the quoted quoted to. Don't just say yes tell me where it was at the pre trial at a pre trial hearing of February 5, the, the hearing on the motion to consolidate the cases. The code defendant, Earl uttered the magic words conflict of interest, and that's at the document 20 dash one ECF page number 176, and you're, and you're representing Earl in this case correct no I'm representing back. So what good does Earl's Earl's objection that a conflict of interest might harm him have to do with your client. Well, Your Honor, the term Blackman's attorney at that time Mr Ward agreed with Mr. Earl's assertion and said, Mr. Mr Blackman is in a different position because at most Blackman was not at the scene of the crime. So, and, and there's a history of the prior attorneys withdrawing from the case due to conflict of interest. Both the first council said there was a conflict of interest. The second council said there was a conflict of interest. And even at the jury selection proceeding. Mr Blackman's attorney never said there was no conflict of interest. He said there was a waiver, or the prosecutor himself said at this point I think would be wise to put on a waiver of the conflict of interest so everybody recognized there was a conflict of interest. The question in this case shouldn't boil down to is to what was said at that hearing established an effective waiver of conflict of interest. And the, the performance of the trial council was effective and the appellate counselor should have known it because Mr. Blackman, if he had agreed to testify or entered into negotiations with the state to testify for the state. It's very likely and this is a case where the state needed corroborating evidence no doubt is very likely that he may have been able to negotiate something or agree to a lesser charge such as accessory after the fact to robbery and provide the corroboration that state really would like to have in a case like this because there's no identification of the suspects directly. Is it in the record that he ever asked to testify that he ever asked his attorney told his attorney that he wanted to testify. Well, in the in the when when Mr. Blackman filed his motion in the appellate court for his claim of ineffective assistance of appellate counsel. He said he knew he would like to testify, especially after when the evidence produced that trial showed an actual conflict when when Mr. Chester the informant, or the, the, the co defendant who testified for the state said that Mr. Earl told him that he saw Blackman driving up and down the street as a lookout. He knew that that Blackman was effectively effectively then a witness against him and he would like to explain why he could have filed an effective assistance claim against the trial lawyer and 3.850 proceeding. Generally, the competence of trial lawyer to perform. He did that also. Yeah, I understand he lost it. Yes, sir. And why did he lose because there was no prejudice. But there is that was a, that was a loss. I'm sure it's why he lost but that was on a different issue as to the performance of trial. I understand that but he he had the right to file a 3.850 motion in the circuit court, challenging the competence of trial counsel. I think he would have, which would have included that he didn't let me testify and all things like that. The problem with your argument to me is it's all supposition. There's just nothing on the record. I would, I would say, if this had happened, this could have happened, this could have happened, this could have happened. I would, I would respectfully disagree because as a lay person being represented by counsel, he perhaps did not realize that trial counsel should have discussed the possibility of plea negotiations before trial but he realized it afterwards and that that gave rise to a claim that in that appellate counsel should have realized. I'm talking about after the appeal was over. After that, the habeas petition on charging him comments on part of the appellate lawyer, after all of that's over. He could go back in the circuit court file a 3.850 motion and challenge the effective assistance of his trial lawyer, which would have included all these things I could have testified, all that would have been in the record. I think that may be possible but I don't think a litigate is restricted to only that one. I think, I think the the proper. What you're asking us to do is it's a strategic decision on his part, not to do that. And so now we were in the posture of appellate counsel, we're supposed to surmise all these things. That's why I said at the beginning that your argument sounds to me like a structural error argument that is made on direct appeal, but on collateral tax you have to show strickland prejudice there but outcome of the proceeding would have been different. Well, I appeal the trial. I understand but I think there are alternate remedies to avail available and as a pro se person at that point, he did, he, he took the remedy of filing a claim of ineffective assistance of counsel and I think he was entitled to that we make a different rule for pro se litigants and representative litigant. No, but I think the, I think the president's the prejudice that is manifest in the record is available also in the claim of ineffective assistance appellate counsel, and I'm out of time so I'll back off. Thank you. You still reserve your three minutes. Jordan. Good afternoon or good morning, may please the court of Brian Jordan representing the Secretary, the Florida Department of Corrections and calling the pinholster Supreme Court made it very clear that review under the APA is limited to the record was before the court merits. In this case, the record that was before for first court appeal for energy to get this claim on the merits fully supports the district or us just of course conclusion that weapons express concern on the record was to consolidate a trial, not joint representation. In that record, there was no mention or allusion to any conflict of joint representation, nor would that have been evident to the first PCA from the record in its evaluation of appellate counsel's representation. As the actual conflict that Mr blackman says rose during to finish Chester's testimony. Nothing within that testimony alone would have alerted appellate counsel or the state court. What blackman alleged wasn't off the record conversation with your where is the prejudice, the strickland prejudice in this case, the outcome of the trial would have been different. It would not have been. Yeah. My understanding is it was the same. I read part of that record the same evidence would have come in, or they're trying jointly or separately was the whole idea of consolidating the case at the beginning. Yes, that is the whole same. Same evidence in both cases here, the pelleted with a being a claim of ineffective assistance of appellate counsel to focus courses would have had a different outcome on appeal. You still got to show strickland prejudice. Yes, yes. Okay. But in this case, what Mr blackman said he told counsel prejudice on appeal. You have to show a different outcome in the case. Yes, he would and you cannot do that. In this case, counsel, let me ask you this ineffective assistance of appellate counsel. I believe their law is that he doesn't have to show that if he got a reversal. Let's say shows a reasonable probability of a different result on appeal. It gets a reversal. He doesn't have to show he would have been acquitted or convicted of a lesser offense on retrial, does he know. Okay, so then the question is, if he had. If he could have pointed to a Holloway violation on direct appeal in the record. That is somebody objected or tantamount to object, and the district court did nothing that would have gotten him a new trial would it not have that would have gotten a new trial. Okay, so then doesn't this boil down to whether or not, at least as it. The first of their second, the appellate counsel and effectiveness claim boils down to whether or not there was in the record that the appellate counsel had a Holloway objection. There was no. I know, but isn't that the pivotal issue. So he says, but at the pre trial proceeding. One of the pre trial proceedings. One of the pros, one of the defendants did say something that is tantamount to an objection about the conflict of interest risk. Now what's your response to that. That record was not before the floor first court field, and it adjudicated this claim of an effective assistance to the public counsel on America. You're talking about on collateral review when it adjudicated this, the pre trial record was not before the DCA. I thought I thought state courts like us took judicial notice of anything and everything, and the, and any proceeding involving the case is that not correct. In Florida, plans of ineffective assistance of appellate counsel are brought before the court, which heard the direct appeal, and it is an original proceeding in Florida, which means is brought by a petition, and the record is duty of the petitioner to bring forth the record. The court has the entire. The case is still on appeal. The court has everything that came up on direct appeal before it is not before them on this petition. I know they had a whole record before it before they move on direct appeal. Yes. Okay. Then there's a habeas petition filed on appellate charging council. In effect, that the court had the entire record before it. It's already seen the record. My understanding. No, not in Florida. It is an original proceeding. Meaning, it is. I understand that but it already had the record of the entire case before it on direct appeal, the same, the same judges. The same three judges that ruled on the habeas petition. The rule on the appeal. Not necessarily the same judges, or judges. Your Honor, just not necessarily the same 30, but what was it in this case. I don't I don't know that off the top of my head. But these are the procedures that Florida appellate courts all in these cases of an effective assistance of appellate counsel. Mr. Blackman attached an appendix to his record, if he wanted the entire record on direct appeal to be before the floor versus court of appeal, he could have asked that for to take judicial notice of the direct appeal record, did not hypothetically, let's consider that they did have that record before them imputed to anything these defendants said pre trial. They had before them. What's your response. The opposing counsel's argument that they raise the conflict of interest in that pre trial proceeding. Mr. Earl mentioned that. I don't know who did you're asking me questions. It was not Mr. Blackman. All right, let's suppose is so your, your response to his argument that that was if it was before the court adequate to raise the Holloway issue is no because he didn't do it somebody else did it. What he said was, well, maybe he made what was basically a statement of a potential conflict, not an actual. But it would be it would be different. Wouldn't it if Mr. Blackman had made the statement that Mr. Earl made. Yes. So you would lose if Mr. Blackman had said what Mr. Earl said. No, I don't think so. So then it doesn't make a difference. You got to pick one of the other counsel. It doesn't make a difference. So, if, if your client Blackman had said at that hearing exactly what Earl said, that wouldn't have mattered. Why? Because there was no direct statement of what in conflict was. Again, this wreck that record was not before the first court when it adjudicated this claim on the merits. This court said it is a clear, emphatic rule. Columbia penholster. First District Court of Appeal cannot be faulted for reaching the conclusion that it did based on Mr. Blackman's failure to produce the record. Based on the record before, it's adjudication of Mr. Blackman's claim of ineffective assistance of appellate counsel. This was not. In reasonableness under APA. That's what is required. Were those remarks argued in the brief before the DCA? For the DCA, I'm sorry? Were those remarks of Earl at that pretrial proceeding argued or mentioned in the briefs that Blackman filed or that were filed on his behalf before the DCA? I don't think they were. It was only Mr. Blackman's petition. Based on the record before, apparently, the DCA did not deem it necessary to ask a response from the state. Did Mr. Blackman cite any evidence from his trial before the appellate court? I'm sorry, could you please repeat that, please? Did Mr. Blackman cite any evidence from his trial when he was making his habeas claim to the appellate court? The only thing he said was that after Chester testified that he saw him driving up and down the road, that that was an actual conflict of interest because he told counsel in an off-the-record conversation that he wanted to testify. And counsel said, no, that'll hurt Earl. However, Strickland's Supreme Court expressly states that the reasonableness of counsel's actions may be determined or influenced by the defendant's own statements or actions to counsel. However, in this case, Mr. Blackman never alleged to the post-conviction court or any other time that he told the appellate counsel of any such off-the-record conversation. The appellate counsel cannot be faulted for failing to divine the scenario from Chester's testimony alone. The first DCA could have reasonably arrived at the same conclusion. Based on the record before it, the adjudication of Mr. Blackman's claim is not unreasonable. For that reason, this court should affirm. Thank you. Any other questions? No. All right. Thank you. Mr. Suma, you've got three minutes left. Or possibly four. Great. Thank you, Your Honor. I would like to emphasize that the objection that is required under the Holloway case does not have to come from the lips of defense counsel. There are other means of getting that on the record. When the prosecutor asked to get a waiver of conflict of interest on the record, that constitutes an objection under Holloway. This court has a case on that point, and the case is called MERS, M-E-R-S. And by the way, when Mr. Earle uttered the magic words conflict of interest, Mr. Blackman's attorney at that point adopted Mr. Earle's statements. Counsel lives in Holloway at direct appeal? I believe it. Holloway is reviewing on direct appeal from the Supreme Court of Arkansas on direct appeal. Yes, Your Honor. That's an entirely different posture from a habeas corporate proceeding, which is collateral. I understand, Your Honor. I understand. Well, let me ask you this. Are you arguing that if this is a second habeas petition, is it in effect a second abiding appeal, a direct appeal? Well, it never is. Or reviewing the direct appeal? It never is. No, it never is, Your Honor. But even under the conditions that we have here, prejudice can be found is what I'm saying. I've read the transcript of the record that was supporting the habeas petition, but I can't find it. Okay. I thought that the transcript of the hearing pretrial on the motion to consolidate was attached to that petition. If I'm wrong, I'm wrong. I don't think it's there. And the habeas petition had more than this argument you're making now. Yes. The appellate counsel was ineffective on several grounds, including jury selection and one thing or another. Right. Which is why those parts of the record were made part of the record. I understand. But a number of proceedings were attached to it, and I thought that was attached to it. And even if it's not attached to it, we expect the appellate court to review the records of the trial in cases like this. I'm out of time. On issue two, I'll rely on my briefs. But I would simply reiterate my point that the objections of conflict of interest are clear on the record that was available to the appellate court and the habeas petition. And I thank the court for its time today. Thank you. We appreciate your argument and that of your opposing counsel and that this court will be in recess.